**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4130

DOUGLAS CAMPBELL II,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., District Judge.
(CR-98-176, CR-98-216, CR-98-217,
CR-98-218, CR-98-219, CR-98-220,
CR-98-221, CR-98-222, CR-98-223)

Submitted: June 30, 1999

Decided: September 24, 1999

Before NIEMEYER, MICHAEL, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Greensboro, North Car-
olina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Paul A. Weinman, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Douglas Campbell II appeals the 120-month sentence imposed upon him following his pleas of guilty to eight counts of bank robbery and one count of attempted bank robbery, all in violation of 18 U.S.C. § 2113(a) (1994). Campbell contends that the district court erred in enhancing his offense level for making a "threat of death." We affirm.

I.

Over a span of six months beginning on November 21, 1997, and ending May 21, 1998, Campbell attempted to rob nine banks, all of them located in Greensboro, North Carolina. He succeeded in obtaining money on eight of those occasions.

The robberies followed a similar pattern. Campbell approached a teller and passed a note demanding money. The mildest note was the one he presented on February 27, 1998. It read,"this is not a joke, give me all of your large bills." In the other eight notes, Campbell advised the teller that he had a gun. Three times he underlined the word gun, and in two of those cases he wrote the word in all capital letters as well. For example, his February 6, 1998, note stated, "This is Not a Joke. I have A GUN. Give me All your large Bills." On no occasion did Campbell actually brandish a firearm.

When Campbell was indicted for one of the robberies, he confessed to the others, waived indictment on them, and, after being charged by information, pled guilty to all nine. The presentence report recommended that, on the eight counts involving notes that mentioned a gun, Campbell's base offense level should be increased by two levels pursuant to U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(F) (Nov. 1998). Campbell objected to this enhancement. The district court held a hearing on the issue. One of the victim tellers testified

2

about the fear the robbery instilled in her. The court asked her why she had been so frightened, to which the witness responded, "The thought that he might have a gun. He didn't actually show it, but the thought that he might have it and what he would do with it." The district court ruled that the notes would have caused a reasonable person to be in fear of death and that the enhancement was therefore appropriate. After adjustments for multiple counts and a reduction of three levels for Campbell's acceptance of responsibility, the final offense level was 26. Campbell had an extensive criminal history, placing him in Category VI. The resulting guidelines range was 120-150 months, and, as the government had recommended, the district court imposed a sentence at the very bottom of the range. Campbell appeals.

II.

Under the former version of § 2B3.1(b)(2)(F), the two-level enhancement applied to an "express threat of death" during a robbery. See U.S.S.G. § 2B3.1(b)(2)(F) (May 1997). In an application note, the Commission stated that the enhancement was to apply to "conduct that would instill in a reasonable person, who is a victim of the offense, significantly greater fear than that necessary to constitute an element of the offense of robbery." U.S.S.G.§ 2B3.1 comment. (n.6) (May 1997). A circuit split developed over just what was an "express threat." We took the majority view in United States v. Murray, 65 F.3d 1161, 1167 (4th Cir. 1995), where we held that an "express threat of death" is "any combination of statements, gestures, or actions that would put an ordinary victim in reasonable fear for his life[.]" See United States v. Burns, 160 F.3d 82, 84 (1st Cir. 1998) (collecting cases). The Sixth and Eleventh Circuits held that "express" should be taken literally, and that the application note was not controlling to the extent it suggested that an implied or inferred threat could be an "express" one. See United States v. Alexander, 88 F.3d 427, 429-430 (6th Cir. 1996); United States v. Moore, 6 F.3d 715, 721-722 (11th Cir. 1993).

The Sentencing Commission took note of this conflict, and, effective November 1, 1997, it amended § 2B3.1(b)(2)(F) and Application Note 6 to conform to the majority's interpretation. First, the word "express" was deleted from the guideline. Second, the Note clarified the sort of "reasonable fear" the threat had to generate in order to support

3

the enhancement. Instead of the vague "greater fear than that necessary to constitute an element of the offense of robbery," the Commission substituted the specific "fear of death." U.S.S.G. App. C, Amendment 552 (Nov. 1997).

The question, then, is whether Campbell's notes would cause a reasonable person in the victim's position to fear for her life. We agree with the district court that of course they would. Robbers use guns to coerce compliance with their demands. This coercion can only be accomplished if the victim fears that the robber will use the gun. This fear is more than just reasonable; it is <u>intended</u>. Moreover, we agree with the First Circuit's observations in <u>Burns</u> that, in the tense atmosphere of a bank robbery, a reasonable teller takes no note of "quibbles" about whether the robber might shoot to kill, merely to wound, or in the air. <u>See Burns</u>, 160 F.3d at 86. She fears for her life, and with good cause. The judgment of the district court is affirmed.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4